UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BASEEMAH WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-02267-JPH-CSW ) |
| DOUGLAS TULINO Acting Postmaster General, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER ON MOTIONS IN LIMINE**

Plaintiff Baseemah Williams, a former employee of the U.S. Postal Service, sued the Postmaster General for assault, retaliatory discharge, wrongful termination, and for hostile environment harassment based on her race and age. The Court entered summary judgment for the Defendant on all claims and Ms. Williams appealed. Dkt. 122. The Seventh Circuit affirmed the Court's summary judgment order except for Ms. Williams' claim that she was subjected to a racially hostile work environment at the Carmel Post Office, which the Court vacated and remanded. Dkt. 138 (USCA Mandate). The Defendant has filed four Motions in Limine, dkt. 159, and Plaintiff filed an objection, dkt. 164.

Motions in limine are designed to "streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Courts "have broad discretion in ruling on evidentiary questions during trial or before on motions in limine."

1

*Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Still, orders in limine are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States,* 469 U.S. 38, 41 (1984). A trial judge does not bind himself by ruling on a motion in limine and "may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000).

## I.
## Ms. Williams's objection to the Motions in Limine

Ms. Williams did not respond to the specific evidentiary issues raised in Defendant's motions, but instead filed an objection, arguing that "[p]utting stipulations on what I can and can't say is taking away my freedom of speech." Dkt. 164 at 1. The Court has a duty to ensure that only evidence with probative value to the issue presented in the case is admitted and presented to the jury. As such, pursuant to its inherent authority, the Federal Rules of Evidence, and Federal Rules of Civil Procedure, the Court may rule that certain evidence and arguments are inadmissible. Therefore, to the extent that Ms. Williams's response is an objection to Defendant's Motion in Limine, that objection is **OVERRULED.**

## II.
## Defendant's Motions in Limine

### 1. Evidence regarding Ms. Williams's dismissed claims

Defendant seeks to exclude evidence "regarding claims that have been dismissed, and which dismissal was affirmed on appeal." Dkt. 160 at 3. This includes Ms. Williams' claims that she was: (1) discriminated against because

of her age; (2) terminated for retaliatory reasons; (3) wrongfully terminated; and (4) assaulted by another employee. *See* dkt. 138 at 4–5 (USCA Mandate). The Seventh Circuit made clear that only one claim remained to be resolved on remand: "that the Postal Service created a racially hostile work environment at Carmel." *Id.* at 5.

Evidence related to dismissed claims are not relevant and therefore is inadmissible. *See* Fed. R. Evid. 401; Fed. R. Evid. 402; *Barnes v. General Motors LLC*, 2023 WL 3436098, No. 4:20-cr-00087-TWP-KMB (S.D. Ind. May 12, 2023). Defendant's motion is therefore **GRANTED.** Ms. Williams is prohibited from (i) introducing evidence related to her dismissed claims; and (ii) referencing those dismissed claims through argument and/or questions. While it's conceivably possible that one or more specific facts related to a dismissed claim could be probative to some aspect of Ms. Williams's racial hostile work environment claim, Ms. Williams has not made such showing. If during trial Ms. Williams has a good faith reason to believe that some evidence related to the dismissed claims is probative to the jury's resolution of the hostile work environment claim, she must raise the issue outside of the jury's presence during a break or by asking for a sidebar.

2. **Evidence regarding the prior conduct of or other allegations against the Postal Service workers**

Next, Defendant seeks to exclude evidence of Postal Service Witnesses' "conduct before or after the events at issue in the Complaint." *Id.* at 4. This includes "complaints made against the witnesses by other employees, other

lawsuits filed by other former or current Postal Service employees, any employment discipline previously imposed on the witnesses, and any prior arrests or convictions of the witnesses." Dkt. 160 at 4. At the final pretrial conference, Ms. Williams stated that she may wish to introduce evidence related to prior cases filed against the Defendant's witnesses to show that the Defendant's witnesses acted in a racially hostile manner in the past and that they have the characteristics of acting in that manner.

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But the evidence may be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Here, Ms. Williams wants to introduce evidence of Postal Service employees' other bad acts for the very purpose that is prohibited: "the person's character or propensity to behave a certain way." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014) (en banc) (explaining that the relevance of 404(b) evidence to another purpose must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case.).

Defendant's motion in limine is therefore **GRANTED**. Ms. Williams is prohibited from: (i) introducing evidence of Postal Service employees' other "bad

4

acts"; and (ii) referencing those acts through argument and/or questions. If during trial Ms. Williams has a good faith reason to believe that such evidence is admissible for a purpose permitted under Fed. R. Evid. 404(b)(2), she may raise that issue with the Court outside the presence of the jury. *See Manuel v. City of Chicago*, 335 F.3d 592, 597 (7th Cir. 2003) ("Other-acts evidence may be relevant and admissible in a discrimination case to prove, for example, intent or pretext.").

### 3. **Evidence of out of court statements**

Third, Defendant seeks to exclude the introduction of "statements, correspondence, and declarations purporting to be from other Postal Service employees . . . [and] hand-written statements [Ms. Williams] created purporting to include statements from other employees or recounting her recollections of events." Dkt. 160 at 5–6. At the conference, Ms. Williams stated that she may introduce handwritten statements relating to the facts of the case and attesting to her character.

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "Hearsay evidence is generally inadmissible unless an exception applies." *United States v. Wehrle*, 985 F.3d 549, 555 (7th Cir. 2021).

Here, the Postal Service employees' handwritten statements are inadmissible hearsay because they were produced outside of court, and Ms. Williams's purpose for offering them into evidence is to prove the truth of the

5

matter contained within the statements—her character and the facts of the case. Fed. R. Evid. 801(c). Further, the statements do not appear to fall into the exceptions of "present sense impressions," Fed. R. Evid. 803(1) or "then-existing mental, emotional, or physical condition," Fed. R. Evid. 803(3). *See Schindler v. Seiler*, 474 F.3d 1008, 1011 (7th Cir. 2007) (explaining that to be a present-sense impression "the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter"); Fed. R. Evid. 803(3) (stating that statements "of memory or belief to prove the fact remembered or believed" are not statements of the declarant's "then-existing state of mind"). Defendant's motion in limine is therefore **GRANTED.** Ms. Williams is prohibited from introducing evidence of out of court statements to prove the truth of the matter asserted in the statements. If at trial Ms. Williams has a good faith reason to believe that a statement is admissible because of an exception to the hearsay rules, she may raise that issue with the Court outside of the presence of the jury.

    **4. Evidence not produced during discovery**

Last, Defendant seeks to exclude evidence that was not produced in discovery by Plaintiff. Dkt. 160 at 7–8. Specifically, Defendant seeks to exclude evidence relating to an alleged audio recording of a conversation from a meeting between Ms. Williams and the Postal Service witnesses, Julia Dunn and Lisa Dalton. *Id.* at 8. Although requested by Defendants during discovery, Ms. Williams did not produce the recording because she was unable to locate the cellphone the conversation was recorded on. *Id.*

Under Federal Rule Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, evidence of the recording and its content would have some probative value as evidence of what was said in the conversation between Ms. Williams and the Postal Service witnesses. However, any probative value of the evidence is diminished by the fact that Ms. Williams, Julia Dunn, and Lisa Dalton can testify at trial as to the statements made during the conversation. Further, evidence of the recording's contents could invite the danger of a mini trial as to whether the recording exists, why it was not produced, and its contents which would lead to confusion of the issues, undue delay, and waste of time. *See* Fed. R. Evid. 403; *Henderson v. Wilkie*, 966 F.3d 530, 538 (7th Cir. 2020) (District Courts are "on solid ground" in excluding confusing evidence based on concerns that it would create "a trial within a trial.").

Defendant's motion is therefore **GRANTED.** Ms. Williams may not reference the audio recording during argument or questioning at trial. Similarly, the Defendant is to ensure that the Postal Service witnesses do not reference the recording. However, the parties are permitted to introduce testimony pertaining to their personal knowledge about observations, conversations, and occurrences during the meeting.

## III.
## Conclusion

Defendant's Motion in Limine is **GRANTED**. Dkt. [159]. To the extent that Ms. William's response to Defendant's motion was an objection, that objection is **OVERRULED**. Dkt. [164].

**SO ORDERED.**

Date: 1/20/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BASEEMAH WILLIAMS
526 North Ave East
Apt. #101
Westfield, NJ 07090

All electronically registered counsel.